(December 13, 1993)

◼ MARK ANDERSON et al., Appellants, v CORY KRUPP, Respondent, et al., Defendant. [604 NYS2d 273] —In an action to recover damages for breach of a real estate contract, the plaintiffs appeal from so much of a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered November 27, 1991, as, upon an order of the same court, dated September 27, 1991, which, *inter alia,* denied, in part, the plaintiffs' motion for summary judgment and granted that branch of the cross motion of the defendant Cory Krupp which was for summary judgment, is in favor of the defendant Cory Krupp in the sum of $22,500 as liquidated damages, and directs the defendant Morton Weber Associates, as escrowees, to pay over that amount to Cory Krupp.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs payable by the defendant Cory Krupp, so much of the order dated September 27, 1991, as granted that branch of the cross motion of the defendant Cory Krupp which was for summary judgment, and denied, in part, the plaintiffs' motion for summary judgment is vacated, the plaintiffs' motion for summary judgment is granted in its entirety, that branch of the cross motion which was for summary judgment is denied, the defendant Morton Weber Associates is directed to pay over to the plaintiffs the entire contract deposit of $45,000, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate amended judgment.

The material facts in this case are not in dispute. On November 5, 1990, the plaintiffs entered into a contract with the defendant Cory Krupp to purchase a commercial building. The contract provided that if the plaintiffs were unable to obtain a mortgage commitment after 45 days from their receipt of a fully executed copy of the contract, either party could cancel the contract in writing, and the deposit of $45,000 would be returned. This time period was subsequently extended by mutual agreement to February 1, 1991. The plaintiffs applied for a mortgage, and an environmental assessment of the property was conducted in accordance with the proposed lender's application requirements. On or about

January 28, 1991, the lender informed the plaintiffs that it required an additional environmental assessment, which would take between four to eight weeks to complete. Accordingly, since the plaintiffs were unable to obtain a commitment by February 1, 1991, they gave written notice to the defendant Cory Krupp that they were canceling the contract, and demanded return of the deposit. Since the plaintiffs were unable to secure a commitment within the specified period of time, they had a right to cancel the contract and obtain return of the deposit (see, Maldonado v Moore, 135 AD2d 1138; Sainato v Hormozdi, 87 AD2d 625). Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.